CAMPBELL, Judge.
Appellants challenge the nonfinal order of the trial court that granted appellee General Electric Capital Corporation’s motion to sequester rents in a mortgage foreclosure action.
We affirm the order of the trial court which sequestered rents and other income arising from the operation of the Whetstone Apartments which were the subject of the foreclosure action. A further recitation of the facts of this case is not necessary to this appeal. Our affirmance of the order of sequestration, however, is without prejudice to the right of appellants to fully pursue their affirmative defenses and counterclaims regardless of the findings of the trial judge in the order of sequestration that purport to rule upon those matters inherent in appellants’ defenses and counterclaims.
The hearing that resulted in the order on appeal was a hearing only on the motion to sequester. It was not noticed for nor intended to be a final hearing on the rights and positions of the parties as framed by the pleadings, yet many of the court’s findings and conclusions go directly to those issues. Appellee, in its brief before this court, states:
The hearing at issue was not a trial upon which a final determination of property rights was made; rather, what was requested and granted was an order which provided that the rental income stream be placed under the control of the Court, subject of course to final determination of entitlements at trial.
Section 697.07(4), Florida Statutes (1993) specifically provides in regard to a motion to sequester rents as follows: “(4) Upon application by the mortgage or mortgagor, in a foreclosure action, and not withstanding any asserted defenses or counterclaims of the mortgagor⅛ a court of competent jurisdiction, pending final adjudication of any action, may require the mortgagor to deposit the collected rents into the registry of the court, -” (Emphasis supplied.) While the trial court acted properly in ordering sequestration of the rents, it was improper to make findings and conclusions of law that purported to foreclose appellants’ pursuit of their defenses and counterclaims. Upon remand and final hearing in the matter, appellants should be given full opportunity to develop their properly-pled defenses and counterclaims.
Affirmed and remanded with instructions.
RYDER, A.C.J., and FRANK, J., concur.